UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA HAYWOOD,

       Plaintiff,                           Hon. Robert J. Jonker

v.                                                   Case No. 1:17-cv-508

LAWRENCE HOUGH, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Ex Parte Motion for an Order of Protection</u>. (ECF No. 28). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Plaintiff initiated the present action alleging that her rights were violated following a February 14, 2016 visit to her incarcerated husband. Plaintiff now requests that the Court enter an "order of protection" prohibiting prison officials from interfering with her attempts to employ Walter Lee Jones-Bey, another inmate not her husband, as her legal representative or assistant. Plaintiff alleges that this interference constitutes a violation of her First Amendment right of access to the courts and "right to communication."

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that she "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must

then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See, e.g., Sisay v. Smith*, 310 Fed. Appx. 832, 847 (6th Cir., Feb. 12, 2009). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

While Plaintiff enjoys the constitutional right of access to the courts and to petition the government for redress of grievances, her rights in this regard have not been infringed. Plaintiff has been permitted to pursue this action without payment of the civil filing fee and she has pursued this matter without restriction or limitation. The essence of Plaintiff's motion is that her attempts to obtain legal assistance from a non-attorney prisoner are being thwarted. To the extent Plaintiff seeks to have Jones-Bey formally represent her in this matter, such is prohibited because Jones-Bey is not a licensed attorney. To the extent Plaintiff instead seeks informal assistance from Jones-Bey, Plaintiff's desire is subject to the legitimate security interests of the facility where Jones-Bey is incarcerated.

Plaintiff alleges that she mailed legal materials to Jones-Bey to facilitate his assistance in this matter, but that prison officials improperly intercepted such. Prison officials, however, can lawfully restrict a prisoner's incoming mail if the mail in question poses a threat to the security or safety of the facility. *See, e.g., Young v. Weathersby*, 2010 WL 3909463 at *8 (W.D. Mich., Sept. 15, 2010) (collecting cases). Plaintiff concedes that prison officials intercepted her mailings to Jones-Bey on the ground that his "possessing intimate details of a critical incident and legal proceedings

involving a current MDOC prisoner, staff and a civilian is deemed a threat to the security, good order and discipline of the facility." (ECF No. 28 at PageID.167). The prison's rationale for intercepting Plaintiff's mailings to Jones-Bey is legitimate and does not violate Plaintiff's rights.

## CONCLUSION

In sum, Plaintiff has failed to demonstrate that she is threatened with an injury for which she has no adequate legal remedy. Plaintiff has also failed to demonstrate that her request and underlying concerns have any merit. Finally, the public interest is not served by unwarranted judicial interference in the day-to-day operation of a state correctional facility. Accordingly, the undersigned recommends that <u>Plaintiff's Ex Parte Motion for an Order of Protection</u> (ECF No. 28) be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 28, 2017

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge