UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BARBARA HAYWOOD,

    Plaintiff,

v.

LAWRENCE HOUGH, et al.,

    Defendants,

_____/

Hon. Robert J. Jonker

Case No. 1:17-cv-00508

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment Against Defendant Eagel (ECF No. 47), which was referred to the undersigned by the Honorable Robert J. Jonker for report and recommendation under 28 U.S.C. §636(b)(1)(B).

A Notice of Impending Default regarding defendant Unknown Eagel was entered on January 3, 2018, in this matter, citing both the failure of defendant Eagel to timely answer or otherwise plead and the failure of plaintiff Barbara Haywood to enter a default against defendant Eagel. The notice set a deadline of January 17, 2018, for defendant Eagel to file a responsive pleading or for plaintiff to request default against defendant Eagel. On January 8, 2018, within the time set to file a responsive pleading, defendant Eagel filed his Answer to the Complaint. On January 11, 2018, also within the deadline, plaintiff filed her motion for default judgment (ECF No. 47).

Given that defendant Eagel filed his answer before the court's deadline, the undersigned determines that entry of default and default judgment would not be

appropriate at this time and recommends that Plaintiff's Motion for Default Judgment Against Defendant Eagel (ECF No. 47) be **denied**.

Date:  February 1, 2018                                          /s/ Ellen S. Carmody
                                                                                ELLEN S. CARMODY
                                                                                U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).