Case 1:17-cv-00508-RJJ-ESC   ECF No. 58 filed 03/30/18   PageID.311   Page 1 of 4

FILED - GR
March 30, 2018 10:29 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns  SCANNED BY /___/ __/__/__

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF MICHIGAN

BARBARA HAYWOOD Plaintiff
V.

LAWRENCE HOUGH, ET AL

Case No. 1:17-508-RJJ-ESC

Hon ROBERT J. JONKERS
MAG. ELLEN S. CARMODY

Barbara A. Haywood In Pro Per
723 E. Lansing St. Apt. 587B
Idlewild, Michigan 49642
PH: 231.660.6060

**Defendant's**

Gregory R. Grant Guess Morris
CUMMINGS, McCLOREY,
DAVIS & ACHO, P.L.C.
310 W. Front St., Ste. 221
Traverse City, Michigan 49684,

McGrow/Morris P.L.C.
Attorney for Eagle
2075 W. Big Beaver Rd. Ste. 750
Troy Michigan 48084

Adam P. Sandowski
Assistant Attorney General
Attorney for Hubbard
Civil Litigation, Employment &
Elections Division
525 Ottawa Street P.O. Box 30736
Lansing, Michigan 48909

**PLAINTIFF BARBARA HAYWOOD'S RESPONSE TO DEFENDENTS JOINT
MOTION TO STAY PROCEEDINGS**

Defendant's, through their respective attorneys, have filed a joint motion requesting this Honorable Court to stay the proceedings in this civil action based on a letter written by Plaintiff's next friend and personal representative. However, nothing communicated to any of the Defendant's suggests that a stay is required. In fact, Plaintiff's next friend clearly conveyed that every effort would be made to move Plaintiff's case forward. As articulated in Federal Trade Commission v. E.M.A. National Inc., 767 F.3d 611,626-27 (6th Cir. 2014), Defendant's must meet each of the six factors before such extraordinary request can be granted. "The burden is on moving party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order". Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. Of Ohio, 565 F. 3d 393, 396 (6th Cir. 1977). In Landis v. North American Co., 299 U.S 248,255(1936), the U.S Supreme Court observed that "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else...."

Defendants have not met their burden under Ohio Envtl. Council, supra., nor have they made out a clear case of hardship or inequity in being required to go forward in this case. Id. 299 U.S. supra, at 255. In fact, it is Plaintiff who will suffer harm from entry of such an order as Plaintiff's future mental state is uncertain. Hence, she struggles daily to retain memory of the events surrounding the tortuous conduct committed against her by the Defendant's.

Lastly, Defendants have misrepresented to the Court that they sought concurrence in relief sought, pursuant to W.D. Mich. L. Civ. R. 7.1(d). (See Joint compliance section of

Defendant's Brief). This is untrue. Plaintiffs phone records indicates that none of the Defendant's made any attempts to contact her after the letter was sent nor prior to their joint motion filing; and reasonably so, as Plaintiff would have been opposed to such request. For these reasons, and the law stated herein, Defendant's motion must be denied.

Respectfully submitted,

Barbara Haywood

723 E Lansing apt 587 B

Idlewild, Mi 49642

231-660-6060

Dated March 28, 2018

B. Haywood
723 E Lansing Apt 587B
Idlewild Mi, 49642

GRAND RAPIDS MI 494
28 MAR 2018 PM 2 FOREVER USA

Barn Swallow

Clerk of the Court.
110 Michigan St N.W
Grand Rapids, Mi
49503

49503-230099