FILED - GR
April 25, 2018 10:29 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns  SCANNED BY: /s/ 2/6/18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
FOR THE SOUTHERN DIVISION

BARBARA HAYWOOD,

    Plaintiff,

v.

LAWRENCE HOUGH, ET AL,

    Defendants.

1:17-cv-508

Case No. 2:17-cv-508

HON. ROBERT J. JONKER

MAG. ELLEN S. CARMODY

---

Barbara A. Haywood
Plaintiff, *In Pro Per*
723 E. Lansing Street, Apt. 587B
Idlewild, Michigan 49602
PH: 231.660.6060

Guss Morris
McGROW/MORRIS, P.L.C.
Attorney for EAGLE
2075 W. Big Beaver Rd., Ste. 750
Troy, Michigan 48084

Gregory R. Hunt
CUMMINGS, McCLOREY,
DAVIS & ACHO, P.L.C.
Attorney for HOUGH
310 W. Front Street, Ste. 221
Traverse City, MI 49684

Adam Sandowski
Assistant Attorney General
Civil Litigation, Employment
& Elections Division
Attorney for HUBBARD
525 Ottawa Street
P.O. Box 30736
Lansing, MI 48909

---

**BRIEF IN SUPPORT OF BARBARA HAYWOOD'S MOTION TO COMPEL**

Plaintiff Barbara Haywood ("Plaintiff Haywood"), in pro per, respectfully submits this Brief in Support of her Motion to Compel Defendants' Answer to Discovery Requests pursuant to FRCP 36(a) and 37(a).

**STATEMENT OF THE ISSUES PRESENTED**

1. Whether Defendants, Lawrence Hough and Peter Hubbard, after several requests, should be compelled to supplement their prior inadequate answers to Plaintiff Haywood's discovery requests; and be compelled to supplement their inaccurate or incomplete initial FRCP 26(a) disclosures.

1

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

1. FRCP 26(A)(1) (A).

2. FRCP 26(b) (1).

3. FRCP 26(c).

4. FRCP 26(e).

5. FRCP 29(b).

6. FRCP 33.

7. FRCP 34.

8. FRCP 36.

9. FRCP 36(a) (6).

10. FRCP 37.

11. FRCP 37(a).

12. FRCP 37(a) (4).

13. FRCP 37(a) (5) (A).

14. *Carfagno v. Jackson Nat'l Life Ins., Co.*, No. 99-118, 2001 WL 34059032 at 1 (W.D. Mich. Feb. 13, 2001).

15. *Cozzens v. City of Lincoln Park*, 2009 U.S. Dist. Lexis 4063 at *5.

16. *Cunningham v. Hamilton County*, 527 U.S. 198, 208 fn 5, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999).

17. *Fair House. Ctr. of Metro Detroit v. Jewish Senior*, 2017 U.S. Dist. Lexis 14455

18. *Frontier-Kemper Construction, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 531 (S.D.W. Va. 2007).

19. *Gipson v. S.W. Bell Tel. Co.*, 2009 U.S. Dist. Lexis 25457, at 19-22 (D. Kan. 2009).

20. *House v. Grant of Maryland, LLC*, 223 F.R.D. 257, 262 (E.D. Va. 2005).

## STATEMENT OF SUPPORTING FACTS

**A.**     Dates of Initial Discovery Disclosures, Requests, and Answers

On November 17, 2017 Plaintiff Haywood served upon Defendants Hough and Hubbard her first set of interrogatories, requests for admission, and request for production of documents. Copies of those requests are attached hereto as Exhibits "A to A-2" (Hough) and "B to B-2" (Hubbard). On September 22, 2017 and October 23, 2017 Defendants served Plaintiff Haywood with partial initial disclosure documents. FRCP 26(a) (1).

On January 9, 2018 Defendant Hubbard (after stipulations pursuant to Rule 29(b) of the FRCP) served answers to Plaintiff Haywood's discovery requests. Defendant Hough served answers to Plaintiff Haywood's requests for admission on December 14, 2017 but untimely answered her first set of interrogatories, and request for production of documents on January 9, 2018. Copies of all answers are attached hereto as Exhibits "C to C-2" (Hough) and "D to D-2" (Hubbard). *Defendants' answers in connection with the herein motion to compel are referenced in footnotes.* Plaintiff Haywood by way of letters (Exhibits E, E1) and cellphone, made attempts to resolve the herein discovery dispute with Defendants' attorneys of record, but to no avail (Exhibit F).

**1.**     **First Set of Interrogatories To Which Belated Objections And Improper Answers Were Made**

DEFENDANT LAWRENCE HOUGH:

    A. By illustration, in Interrogatory No. 6, Plaintiff Haywood asked Defendant "Were you ever a defendant in any lawsuit which charged you, individually or in your official capacity as either a correctional officer or inspector of at an MDOC facility or as a deputy sheriff of the Chippewa County Sheriff's Department, with abuse of your lawful authority or violating any rights protected by the Federal Constitution?"[1]

---

[1] Defendant HOUGH has refused to answer.

B. By illustration, in Interrogatory No. 6, sub part a-f (Exhibit A), Plaintiff Haywood asked Defendant to provide "(a) the name and address of each plaintiff; (b) the name and address of each defendant; (c) the nature of the cause of action; (d) the date on which the suit was instituted; (e) the court which the suit was instituted, and (f) the result of each suit that has been concluded by judgment or settlement."[2]

C. By illustration, in Interrogatory No. 13, Plaintiff Haywood asked Defendant to "State specifically and in detail the date and exact sequence of events that took place during any interaction between you and Barbara Haywood, including but not limited to events occurring on February 14, 2016."[3]

D. By illustration, in Interrogatory No. 14, Plaintiff Haywood asked Defendant, "For each incident identified in response to interrogatory number 13 state, (a) the name, badge, clock or identification number, and present address of any other person involved in or known by you to have witnessed the interaction, (b) the date, substance and person involved in any conversation or oral report about any such incident, (c) the identity of any forms or documents created in preparation for or in response to any such interaction, (d) the garments you were wearing at the time of each, (e) the exact amount, type and time that you ingested alcoholic beverages on the day of any such interaction, if any, (f) any ordinance, rule, or policy authorizing or tending to otherwise ratify any actions you took with regard to plaintiff, and (g) state the substance of each such ordinance, rule or policy and its citation, if any.[4]

E. By illustration, in Interrogatory No. 15, Plaintiff Haywood asked Defendant, "What if any, were the circumstances which gave you probable cause to believe that a crime had been committed within the Chippewa Correctional Facility and that Plaintiff was the person who committed the crime?"[5]

---

[2] In answering, Defendant belatedly objected and improperly asserted that the interrogatory seeks information that is immaterial to this litigation. The FRCP does not support such an incomplete answer which is intended to mislead or withhold information. Defendant's objection misses the mark; Plaintiff Haywood may discover any matter that is relevant to any claim or defense pleaded in this case.

[3] In answering, Defendant belatedly objected that Plaintiff Haywood exceeded the allowable 25 single part interrogatories, including all discrete subparts, belatedly and improperly objected that the interrogatory was vague and overly broad without simultaneously filing a FRCP Rule 26(c) motion. In addition, Defendant improperly refers Plaintiff Haywood to previously produced documents but fails to identify any connection between those documents and the information sought by this interrogatory.

[4] In answering, Defendant belatedly objected that Plaintiff Haywood exceeded the allowable 25 single part interrogatories, including all discrete subparts. In addition, Defendant improperly refers Plaintiff Haywood to his report, but fails to identify the report by name and identify any connection between the report and the information sought by this interrogatory.

[5] In answering, Defendant belatedly objected that Plaintiff Haywood exceeded the allowable 25 single part interrogatories, including all discrete subparts. In addition, Defendant improperly refers Plaintiff Haywood to his report, but fails to identify the report by name and identify any connection between the report and the information sought by this interrogatory.

   F. By illustration, in Interrogatory No. 19, Plaintiff Haywood requested Defendant to "State what specific and articulable facts you possessed while present at the Chippewa Correctional Facility, which gave you probable cause to believe that executing a search of Plaintiff's hotel room would yield evidence in connection with a crime."[6]

   G. By illustration, in Interrogatory No. 23, Plaintiff Haywood requested Defendant to "State the exact month, date, year, and time Plaintiff was charged with misdemeanor possession and transportation of marijuana."[7]

DEFENDANT PETER HUBBARD:

   A. By illustration, in Interrogatory No. 5, Plaintiff Haywood asked Defendant "Were you ever a defendant in any lawsuit which charged you, individually or in your official capacity as either a correctional officer or inspector of at an MDOC facility or as a deputy sheriff of the Chippewa County Sheriff's Department, with abuse of your lawful authority or violating any rights protected by the Federal Constitution?"[8]

   B. By illustration, in Interrogatory No. 5, sub part a-f (Exhibit A-1), Plaintiff Haywood asked Defendant to provide "(a) the name and address of each plaintiff; (b) the name and address of each defendant; (c) the nature of the cause of action; (d) the date on which the suit was instituted; (e) the court which the suit was instituted, and (f) the result of each suit that has been concluded by judgment or settlement."[9]

   C. By illustration, in Interrogatory No. 12, Plaintiff Haywood asked Defendant to "State specifically and in detail the date and exact sequence of events that took place during any interaction between you and Barbara Haywood, including but not limited to events occurring on February 14, 2016."[10]

---

[6] In answering, Defendant belatedly objected that Plaintiff Haywood exceeded the allowable 25 single part interrogatories, including all discrete subparts. This answer misses the mark: Defendant is required to answer each Request for Admission with information as known by him. Moreover, the answer is evasive and incomplete, and intended to mislead or withhold information, as it is not specifically tailored to the question posed in the interrogatory. In addition, Defendant improperly refers Plaintiff Haywood to his report, but fails to identify the report by name and identify any connection between the report and the information sought by this interrogatory.

[7] In answering, Defendant belatedly objected that Plaintiff Haywood exceeded the allowable 25 single part interrogatories, including all discrete subparts. Defendant REFUSED to answer.

[8] Defendant Hubbard has REFUSED TO answer.

[9] In answering, Defendant objected and improperly asserted that the "interrogatory is irrelevant and not likely to lead to the discovery of relevant evidence. Without waiving and subject to said objection, I do not have records of such litigation." The FRCP does not support such an incomplete answer which is intended to mislead or withhold information. Defendant's objection misses the mark. Plaintiff Haywood may discover any matter that is relevant to any claim or defense pleaded in the case.

[10] In answering, Defendant improperly responded by stating "Defendant objects to this interrogatory as it calls for a narrative response best suited for a deposition." The FRCP does not support such an incomplete answer which is intended to mislead or withhold information.

5

    D. By illustration, in Interrogatory No. 13, Plaintiff Haywood asks Defendant "For each incident identified in response to interrogatory number 13 state, (a) the name, badge, clock or identification number, and present address of any other person involved in or known by you to have witnessed the interaction, (b) the date, substance and person involved in any conversation or oral report about any such incident, (c) the identity of any forms or documents created in preparation for or in response to any such interaction, (d) the garments you were wearing at the time of each, (e) the exact amount, type and time that you ingested alcoholic beverages on the day of any such interaction, if any, (f) any ordinance, rule, or policy authorizing or tending to otherwise ratify any actions you took with regard to plaintiff, and (g) state the substance of each such ordinance, rule or policy and its citation, if any.[11]

2. **<u>Requests For Admission To Which Improper Objections, Evasive And Insufficient Answers Were Made</u>**

DEFENDANT LAWRENCE HOUGH:

    A. By illustration, Admission No. 1, requests Defendant to admit that "Plaintiff was subject to a shakedown/pat down of her person including, but not limited to her mouth, hair, feet, shoes, and chest area prior to entering the Chippewa Correctional Facility's visiting room on February 14, 2016."[12]

    B. By illustration, Admission No. 5, requests Defendant to admit that "There exists no surveillance/video depicting Plaintiff and her husband engaging in an 'open mouth kiss which the husband stays with his mouth closed for a moment as if he is trying to get rid of what is in his mouth' on February 14, 2016."[13]

    C. By illustration, Admission No. 7, requests Defendant to admit that "Plaintiff's husband was found to not have ingested illegal substances, a green balloon or any other item prohibited by state law or MDOC rules or regulations."[14]

---

[11] In answering, Defendant improperly stated "Not to my knowledge." The FRCP does not support such an incomplete answer which is intended to mislead or withhold information.

[12] In answering, Defendant improperly and evasively stated "Defendant objects to the form as it is compound. Defendant further objects to the use of the term "shakedown" without waiving said objection, neither admit nor deny as I was not present for the events described and do not have sufficient personal knowledge." The FRCP do not support such an answer nor has Defendant indicated that he has made reasonable inquires of other persons who may have information which may lead to or furnish the necessary and appropriate answer.

[13] In answering, Defendant improperly and evasively stated "Defendant objects to the form as it is nonsensical and compound. Denied, that there is no video showing an open mouth kiss. Neither admitted nor denied as to the remainder as I do not understand Plaintiff's request. The FRCP does not support such an incomplete answer which is intended to mislead or withhold information.

[14] In answering, Defendant improperly and evasively stated "Neither admitted nor denied as there is insufficient evidence to prove that Plaintiff' husband did not ingest illegal substances, a green balloon nor any other item prohibited by state law or MDOC rules or regulations." The FRCP does not support such an incomplete answer which is intended to mislead or withhold information.

6

    D. By illustration, Admission No. 9, requests Defendant to admit that "You did insert at Section B of the CSJ-315A form the following statement against Plaintiff, [It is alleged that the above named visitor engaged in the behavior described below] "attempted/conspired to smuggle marijuana into visiting room. Visitor was arrested at Chippewa Correctional Facility on misdemeanor charges of possession of controlled substance." [15]

    E. By illustration, Admission No. 30, requests Defendant to admit that "the MDOC Administrative Hearing Report held on March 2, 2015 by ALJ O'Brian (CMIS Code 52) states in relevant part, "The visitor Barbara Haywood is present and the notice is reviewed with her along with the letter scheduling the hearing, her visitation card, and a copy of license, inspector Hough's statement (2 pg.) inspector Hubbard's statement that is consistent with inspector Hough's statement." [16]

DEFENDANT PETER HUBBARD:

    A. By illustration, Admission No. 4, requests Defendant to admit that "There exists no surveillance/video depicting Plaintiff passing a green balloon/item/object to her husband when greeting him during the beginning of their visit on February 14, 2016. [17]

    B. By illustration, Admission No. 5, requests Defendant to admit that "There exists no surveillance/video depicting Plaintiff and her husband engaging in an 'open mouth kiss which the husband stays with his mouth closed for a moment as if he is trying to get rid of what is in his mouth' on February 14, 2016." [18]

---

[15] In answering, Defendant stated "Defendant objects as the document speaks for itself. Without waiving objection, admit." The use of this folklore phrase is inappropriate and unjustified under the FRCP and amounts to an improper objection.

[16] In answering, Defendant stated "Objection, the document speaks for itself. Defendant further objects that the request is vague, confusing and nonsensical." Use of this folklore phrase is inappropriate and unjustified under the FRCP and amounts to an improper objection and is intended to mislead or withhold information.

[17] In answering, Defendant was evasive when stating, "Defendant objects to this request and states that there is a video of Plaintiff with her husband at the time that can be provided subject to a protective order as it contains footage of inside of prison and cannot be released due to security concerns. Defendant states that the video speaks for itself." Defendant failed to file a FRCP Rule 26(c) motion for protective order. In addition, use of this folklore phrase is inappropriate and unjustified under the FRCP and amounts to an improper objection.

[18] In answering, Defendant was evasive when stating, "Defendant objects to this request and states that there is a video of Plaintiff with her husband at the time that can be provided subject to a protective order as it contains footage of inside of prison and cannot be released due to security concerns. Defendant states that the video speaks for itself." Defendant failed to file a FRCP Rule 26(c) motion for protective order. In addition, use of this folklore phrase is inappropriate and unjustified under the FRCP and amounts to an improper objection.

    C. By illustration, Admission No. 7, requests Defendant to admit "Plaintiff's husband was found to not have ingested illegal substances, a green balloon nor any other item prohibited by state law or MDOC rules or regulations."[19]

    D. By illustration, Admission No. 17, requests Defendant to admit that "During questioning of the Plaintiff, Plaintiff was accused of attempting to or conspiring to smuggle marijuana into the Chippewa Correctional Facility."[20]

### 3. Requests For Production Of Documents To Which Improper Objections, Or Incomplete Answers Were Made

DEFENDANT LAWRENCE HOUGH:

    A. Request for Production No. 1: "[A] and all documents which are in your possession concerning the series of incidents described in the complaint. This includes but is not limited to: (a) any and all reports, videotapes, or forms describing or depicting any aspect of these events, (b) and an all incident reports, (c) any and all tickets or criminal infractions, (d) statements and/or interviews of witnesses, informants, the Plaintiff, Plaintiff's husband and any police officers or other persons who had any role or contact with the case, and (e) any and all felony/misdemeanor warrants issued in connection with the incident occurring on February 14, 2016.[21]

    B. Request for Production No. 4: "All MDOC material which are in your possession and relevant to this incident including, but not limited to guidelines, directives, policy statements, procedures, and training material, in any form and any type, concerning either MDOC or Chippewa County Sheriff's Department policy, custom or practice regarding: a) discipline of correctional personnel or deputy sheriffs in general, b) special discipline

---

[19] In answering, Defendant improperly and evasively stated "Defendant denies this request as untrue and improper. There is insufficient evidence to prove that prisoner did not ingest an illegal substance or illegal contraband as a dry cell is a precaution and does not prove anything." The FRCP does not support such an incomplete answer which is intended to mislead or withhold information.

[20] In answering, Defendant improperly and evasively stated "Defendant denies this request as untrue as Defendant did not accuse the Plaintiff of attempting to or conspiring to smuggle contraband as Defendant was conducting an investigation." The FRCP does not support such an incomplete answer which is intended to mislead or withhold information. Moreover, Defendant does not tailor his answer to the facts specifically requested by the specific Requests for Admission.

[21] In answering, Defendant belatedly objected stating that the request was vague and overly broad and that all documents in Defendant's possession, custody and control were produced with Defendant's Rule 26(a)(1) disclosures. Plaintiff Haywood points out that Defendant failed to turn over the requested video footage of the purported incident in the visiting room and failed to Defendant failed to file a FRCP Rule 26(c) motion for protective order. Moreover, Plaintiff Haywood indicates that Defendant, while conducting a search of her hotel room, radioed assistance from the local police department. However, neither of the above information was supplied in Defendant's Rule 26(a)(1) disclosures. In addition, Defendant does not tailor his answer to the facts specifically requested by the specific Requests for Production.

for violation of constitutional rights, c) the procedure for confiscating, documenting and/or tagging into evidence, property seized from a member of the public, d) the procedure for searching members of the public entering MDOC facilities, e) the procedure for treating a member of the public in possession of marijuana, who is a documented/registered Michigan Medical Marijuana recipient, f) the procedure for rendering, responding to, or summoning medical attention to a member of the public upon notification that said medical attention is warranted/needed, g) the procedure for interrogating and/or extracting a statement from a member of the public in a location other than a law enforcement agency environment, and h) the procedure for issuing tickets or criminal citations.[22]

DEFENDANT PETER HUBBARD:

A. Request for Production No. 1: "[A] and all documents which are in your possession concerning the series of incidents described in the complaint. This includes but is not limited to: (a) any and all reports, videotapes, or forms describing or depicting any aspect of these events, (b) and an all incident reports, (c) any and all misconduct tickets or infractions, (d) statements and/or interviews of witnesses, informants, the Plaintiff, Plaintiff's husband and any police officers or other persons who had any role or contact with the case, and (e) any and all felony/misdemeanor warrants issued in connection with the incident occurring on February 14, 2016.[23]

---

[22] In answering, Defendant belatedly objected stating that the request is vague and overly broad. Furthermore, the information sought is immaterial and irrelevant to the claims made by Plaintiff; and that all documents in Defendant's possession, custody and control were produced with Defendant's Rule 26(a) (1) disclosures. Defendant does not tailor his answer to the facts specifically requested by the specific Requests for Production. Nor does the FRCP support such an answer. Moreover, Defendant's belated objection misses the mark. Plaintiff Haywood may discover any matter that is relevant to any claim or defense pleaded in the case.

[23] In answering, Defendant improperly objected stating "Defendant objects based on security concerns as to providing videos of inside of a prison without a protective order. Additionally, some of the reports were from other investigating agencies that still have open investigations. Without waiving and subject to said objection, see Defendants previously provided documents and the document production of codefendant. The FRCP does not support such an incomplete answer which is intended to mislead or withhold information. Nor has Defendant indicated that he has made reasonable inquires of other persons who may have information which may lead to or furnish the necessary and appropriate answer. Plaintiff Haywood points out that Defendant failed to turn over the requested video footage of the purported incident in the visiting room when supplying his Rule 26(a) (1) disclosures. In addition, Defendant does not tailor his answer to the facts specifically requested by the specific Requests for Production. Nor has Defendant indicated that he has made reasonable inquires of other persons who may have information which may lead to or furnish the necessary and appropriate answer. Defendant also improperly refers Plaintiff Haywood to his report and that of co-defendant's, but fails to identify the report by name and identify any connection between the report and the information sought by this production request.

B. Request for Production No. 4: "All MDOC material which are in your possession and relevant to this incident including, but not limited to guidelines, directives, policy statements, procedures, and training material, in any form and any type, concerning MDOC policy, custom or practice regarding: a) discipline of correctional personnel in general, b) special discipline for violation of constitutional rights, c) the procedure for confiscating, documenting and/or tagging into evidence, property seized from a member of the public, d) the procedure for searching members of the public entering MDOC facilities, e) the procedure for treating a member of the public in possession of marijuana, who is a documented/registered Michigan Medical Marijuana recipient, f) the procedure for rendering, responding to, or summoning medical attention to a member of the public upon notification that said medical attention is warranted/needed, g) the procedure for interrogating and/or extracting a statement from a member of the public in a location other than a law enforcement agency environment, and h) the procedure identifying what action is to be taken when a visiting room correctional officer or other MDOC employee suspects that a visitor or prisoner has engaged or attempted to engage in unauthorized behavior/conduct during visitation hours.[24]

## ARGUMENT AND AUTHORITY

### A. The Federal Rules Mandate An Order Compelling Responses

Fed. R. Civ. P. 26(b) (1) allows Parties to "obtain discovery regarding any non-privileged matter that is relevant to a party's claim or defense-including the existence, description, nature, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The question of whether the requested discovery is reasonably calculated to lead to the discovery of admissible evidence is a close question. *See Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991). Courts are guided by the strong, overarching policy of allowing liberal discovery. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 512-13, 122 S. Ct. 992, 152 L. Ed. 2d 1

---

[24] In answering, Defendant improperly stated, "Defendant objects to this request as containing irrelevant requests that are not likely to lead to discoverable or admissible evidence. The standards here are constitutional standards and not dependent on MDOC policies. Additionally, all non-exempt police directives are available on MDOC's website and all exempt policies are protected from disclosure. The FRCP does not support such an incomplete answer which is intended to mislead or withhold information. Also, Plaintiff Haywood may discover any matter that is relevant to any claim or defense pleaded in the case.

(2002). The requests in Plaintiff Haywood's case are narrowly targeted to request basic information about Defendants' conduct during the described events and any anticipated defenses to be used at trial; in addition to information that supports the claims raised by Plaintiff Haywood.

Fed. R. Civ. P. 37(a) allows a party to move to compel another party to provide responses when a party has failed to answer an interrogatory submitted under Fed. R. Civ. P. 33 or fail to respond to a request for production submitted under Fed. R. Civ. P. 34. "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a) (4). Similarly, Fed. R. Civ. P. 36(a) (6) allows the requesting party to move to determine the sufficiency of an answer or objection to a request for admission tendered under Fed. R. Civ. P. 36. As a general rule, failure to object to discovery requests within thirty days provided by Rule 33 and 34 "constitutes a waiver of any objections." *Carfagno v. Jackson Nat'l Life Ins., Co.*, 2001 U.S. Dist. Lexis 1768 at 2-3.

In this instance, Defendant Hough untimely filed answers to Plaintiff Haywood's First Set of Interrogatories and Request for Production of Documents. Accordingly, Defendant Hough has waived his objections as a result of his untimely answers to those discovery requests. See *Carfagno,* and citing cases at 3-5; *Cozzens v. City of Lincoln Park,* 2009 U.S. Dist. Lexis 4063 at *5; *Fair House. Ctr. of Metro Detroit v. Jewish Senior,* 2017 U.S. Dist. Lexis 14455 at 2-3.

Moreover, Defendants have improperly answered Plaintiff Haywood's requests with what courts have termed "Folklore" responses. In *House v. Giant of Maryland, LLC,* 223 F.R.D. 257, 262 (E.D. Va. 2005), the court described the "folklore" that has developed

> "Within the bar which holds that requests for admission need not be answered in the subject matter of the request "is within plaintiff's own knowledge," "invades the province of the jury," "addresses a subject for expert testimony," or "presents a genuine

11

> issue for trial." A favorite excuse for not answering requests for admission in a contract case is that "the document speaks for itself." It is common practice to deflect requests to admit the genuineness of documents with answers such as "my client is not the custodian of this record."

The court in *House* rejected this "folklore" as inconsistent with Rule 36. Defendants' objections are not justified and represent the very sort of improper practice described in *House, supra.* Defendants' objections that "the document speaks for itself is textbook "folklore" and is not in compliance with Rule 36. (Defendant Hubbard's answer, "I do not have records of such litigation," is similar to the "folklore" phrase "my client is not the custodian of this record," rejected by *House, supra.* Compare *Frontier-Kemper Construction, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 531-532 (S.D.W. Va. 2007); *Joseph v. Ford Motor Cp.*, 2009 U.S. Dist. Lexis 138190 at 6-7.

Continuing, Defendants also answered interrogatories and admission by referring Plaintiff Haywood to other documents. The Court in *Gipson v. S.W. Bell Tel. Co.*, 2009 U.S. Dist. Lexis 25457, at 19-22 (D. Kan. 2009) rejected such an approach as being inconsistent with Rule 33; "[ ]As a general rule, a responding party may not answer an interrogatory by simply referring the requesting party to other documents."

FRCP Rule 33(b) provides in relevant part that,

> (1) Responding Party. The interrogatories must be answered:
>
> (2) Each interrogatory must, to the extent it is not objected to be answered separately and fully in writing under oath.

FRCP Rule 37(a) stated in relevant part,

> (3) Evasive or Incomplete Disclosure, Answer, or Response: For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

Applying the aforementioned rules to Defendants Hough and Hubbard's conduct suggests that it has violated provisions of the FRCP in failing to adequately answer Plaintiff Haywood's requests. Rule 33(b) and 37(a) (4) clearly requires a party responding to interrogatories to not only answer the question asked but to do so in a manner not intended to misled or withhold information. As seen previously, Defendants Hough and Hubbard refused to answer several questions all together and in other cases provided responses that neglected to address the substance of the question asked.

As such, Defendants has violated Rules 33(b) and 37(b) of the FRCP. Given that Defendants have either failed to answer entirely or provided incomplete and disingenuous responses they should be compelled by the Court to properly answer in accordance with the Federal Rules of Civil Procedure.

Lastly, Rule 26(a)(1)(A)(i) of the FRCP mandates that, without waiting a discovery request, a party must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subject of that information – that the disclosing party may use to support its claims or defenses . . ., and (ii) a copy –or a description by category and location –of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless use would be solely for impeachment.

Furthermore, Rule 26(e) requires a party to supplement its initial Rule 26(a) disclosures if it learns that the previous disclosures were inaccurate or incomplete. FRCP 26(e) (1). Rule 37(c) (1) vests this Court with broad authority to fashion an appropriate remedy for failing to comply with Rule 26(a) or 26(e):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of the sanction, the court . . . may impose other appropriate sanctions . . . .

FRCP 37(c)(1).

The Sixth Circuit Court of Appeals has recognized that Rule 37(c)(1) requires "absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *R.C. Olmstead, Inc., v. CU Interface, LLC,* 606 F.3d 262, 271-272 (6th Cir. 2010). The burden is on the potentially sanctioned party to prove harmlessness. *Id* at 272.

Here, Defendants possess video footage of the visiting room which purportedly identifies what took place between Plaintiff Haywood and her incarcerated husband. In refusing to turn over the videotape for inspection and/or review by Plaintiff Haywood, Defendants citied security concerns, i.e., "[v]ideo can be provided subject to a protective order as it contains footage of inside of prison and cannot be released due to security concerns."

Rule 26(c) provides a means for a party to object to discovery requests through a motion for a protective order. Also, "A party may not excuse its failure to respond to interrogatories or to production of documents on grounds that the request is objectionable unless the party has a pending motion under Rule 26(c)." See Rule 37(d)(2). Defendants however, failed to simultaneously file a FRCP Rule 26(c) motion for protective order at the time they decided not to disclose the video tape. *See Napier v. County of Washtenaw,* 2013 U.S. Dist. Lexis 49311 at 32-34.

Defendants have made no attempts to have the videotape filed under seal or have made no provision for Plaintiff Haywood to inspect the videotape in a manner that would not

14

undermine Defendants' purported security concerns. In *Murry v. Atkinson,* 2007 U.S. Dist. Lexis 85586, the court granted the Plaintiff's motion to compel discovery; which directed defendants to provide a date convenient for all parties in order for plaintiff to view the video recording of the plaintiff inside the county jail and provide said copy upon request of plaintiff.

*See Evans v. Mallory,* 2009 U.S. Dist. Lexis 79069, where the court rejected magistrate's R&R and reversing granting of Defendants' motion for summary judgment on grounds that prisoner plaintiff was not given opportunity to review video footage contained on CD of inside prison. The court referred the matter for further proceedings, which included consideration of a new motion for summary judgment that relies on the CD, but only if it is made available for meaningful viewing by the prisoner plaintiff. At bar, Defendants violated the FRCP by failing to move for a protective order prior to denying Plaintiff Haywood an opportunity to inspect and/or view the videotape in question.

WHEREFORE, for all of the forging reasons, Plaintiff Haywood respectfully asks that the Court compel Defendants to supplement their prior inadequate discovery answers and compel Defendants to supplement their inadequate initial Rule 26(e) disclosures and release the video tape to Plaintiff Haywood for viewing or inspection. Lastly, impose appropriate sanctions for violating FRCP applicable to the herein motion, *Id.*

Respectfully submitted,

_____
Barbara A. Haywood, *In Pro Per*
723 E. Lansing Street, Apt. 587B
Idlewild, Michigan 49642
PH: 231.660.6060

Dated 04/24/2018.

15

