FILED - GR
October 1, 2018 12:52 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns /        SCANNED BY /

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA HAYWOOD,

        Plaintiff,

CASE NO. 1:17-cv-508

v

HON. ROBERT J. JONKER
MAG. ELLEN S. CARMODY

LAWRENCE HOUGH, PETER HUBBARD, and
PAUL EAGLE,

        Defendants.

| | |
|---|---|
| **BARBARA A. HAYWOOD**<br>Plaintiff, *In Pro Per*<br>723 E. Lansing Street, Apt. 587B<br>Idlewild, Michigan 49642<br>PH: 231.660.6060<br><br>**G. GUSS MORRIS (P32960)**<br>CHRISTOPHER J. RAITI (P68600)<br>McGROW/MORRIS, P.C.<br>Attorney for Defendant EAGLE<br>2075 W. Big Beaver Rd., Ste. 750<br>Troy, Michigan 48084<br>248.502.4000 | **GREGORY R. GRANT (P68808)**<br>CUMMINGS, McCLOREY, DAVIS &<br>ACHO, P.L.C.<br>Attorney for Defendant HOUGH<br>310 W. Front Street, Ste. 221<br>Traverse City, MI 49684<br>231.922.1888<br><br>**BRANDON WEDDELL (P81494)**<br>ASSISTANT ATTORNEY GENERAL<br>Attorney for Defendant HUBBARD<br>Civil Litigation, Employment & Elections Div.<br>P.O. Box 30736<br>Lansing, MI 48909<br>517.373.6434 |

**PLAINTIFF HAYWOOD'S RESPONSE TO DEFENDANT HOUGH'S
MOTION FOR EXTENSION OF TIME FOR REVIEW OF EMAILS
AND AUDIOS CONTAINING PHONE CALLS (ECF NO. 115)**

1. Plaintiff Haywood vehemently opposes any extension in this matter in excess of five days for the following reasons. First, Defendants continued protracting tactics should not be implicitly accepted by this Court. Defendants already have sought and has been granted (over Plaintiff's objection) an extension of the dispositive filing deadline which had the effect of extending Plaintiff's trial deadline by several months as well.

1

2. Secondly, Plaintiff refuses to enter into a stipulation with Defendants that has all the makings of either misleading or hoodwinking the Court. Plaintiff initially contacted Defendant Hough's attorney seeking stipulation of an extension by five (5) days to review the audio phone recordings and emails disclosed to Plaintiff due to Plaintiff being without power for five days as a result of a tornado that touched down in the City of Idlewild.

3. Defendant Hough's attorney agreed and subsequently forwarded a stipulation containing misleading information to the Court and which also did not state that Plaintiff sought an extension of five days due to a natural disaster. Instead, counsel drafted a stipulation which sought an additional 45 days (something Plaintiff opposed) under the pretense that counsel was unaware that there were numerous emails or that he was unaware that the audio phone recordings were in excess of 2000 recordings.

4. Each of Defendants' attorneys were well aware that there were potential numerous audio phone records and emails prior to receiving those documents through discovery. In fact, Defendants cited the 2000 plus audio phone recordings and numerous emails in a responsive brief in connection with Plaintiff's non-dispositive motion filings. (See Defendants response brief, ECF No 100).

5. Moreover, during the July 23, 2018 hearing on Plaintiff's motion to compel and joint motion for an order of protection, Hough's counsel explained to the Court that they were seeking more than 2000 monitored telephone calls and numerous emails. (See Minutes of motion hearing ECF No. 89). Accordingly, Defendant's contention that he was unaware of the numerous emails and recorded audio phone recordings, is obviously false.

6. It should be noted here also, that Defendants actually inflated the number of audio phone recordings between Plaintiff and her husband and between non-party Jones and Plaintiff.

Although there may be some 2000 plus audio phone recordings, many of the recordings appear to be duplicates. And the 2000 plus audio phone recordings include *calls unrelated to this litigation*. Defendants have obtained through discovery every monitored phone call between non-party Jones and his girlfriend, immediate family members, relatives, and friends from the date of incident to August 24, 2018 (well beyond the discovery request). This same discovery method also encompassed every call between Plaintiff's husband and his immediate family, relatives, and friends unrelated to this litigation.

For all of the foregoing reasons, Defendant Hough's motion for extension of time by forty-five (45) days for review of emails and audios containing phone calls (ECF No. 115) should be denied and immediately directed to comply with the Court's August 17, 2018 Order.

Respectfully submitted,

Dated September 26, 2018

Barbara A. Haywood, *In Pro Per*
723 E. Lansing Street, Apt. 587B
Idlewild, Michigan 49642
PH: 231.660.6060

## CERTIFICATE OF SERVICE

**I, Barbara A. Haywood,** hereby certify that on the 26 day of September, 2018, a copy of Plaintiff Haywood's Response to Defendant Hough's Motion for Extension of Time for Review of Emails and Audios containing Phone Calls, was sent to the following: Clerk of the Court, Magistrate Judge Ellen S. Carmody and all attorneys at their respective addresses of record via U.S. First Class Mail, postage prepaid and fully attached thereon.

Barbara A. Haywood, *In Pro Per*

3

B Haywood
723 E Lansing Apt 587B
Idlewild, mi
49642

GRAND RAPIDS MI 495
27 SEP 2018 PM 1 L



US District Court Clerk.
110 Michigan St NW
Grand Rapids, mi
49503

49503-236399