**FILED - GR**
October 29, 2018 12:36 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: ns / SCANNED BY /s/ 10/30/18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA HAYWOOD,

    Plaintiff,

v

CASE NO. 1:17-cv-508

HON. ROBERT J. JONKER
MAG. ELLEN S. CARMODY

LAWRENCE HOUGH, PAUL EAGLE, and
PETER HUBBARD,

    Defendants.

| | |
|---|---|
| BARBARA A. HAYWOOD<br>Plaintiff, *In Pro Per*<br>723 E. Lansing Street, Apt. 587B<br>Idlewild, Michigan 49642<br>PH: 231.660.6060<br><br>G. GUSS MORRIS (P32960)<br>CHRISTOPHER J. RAITI (P68600)<br>McGROW/MORRIS, P.C.<br>Attorney for Defendant EAGLE<br>2075 W. Big Beaver Rd., Ste. 750<br>Troy, Michigan 48084<br>248.502.4000 | GREGORY R. GRANT (P68808)<br>CUMMINGS, McCLOREY, DAVIS & ACHO,<br>P.L.C.<br>Attorney for Defendant HOUGH<br>310 W. Front Street, Ste. 221<br>Traverse City, MI 49684<br>231.922.1888<br><br>BRANDON WEDDELL (P81494)<br>ASSISTANT ATTORNEY GENERAL<br>Attorney for Defendant HUBBARD<br>Civil Litigation, Employment & Elections Div.<br>P.O. Box 30736<br>Lansing, MI 48909<br>517.373.6434 |

## BARBARA HAYWOOD'S MOTION OBJECTING TO DEFNDANT HOUGH'S PROPOSED PRIVILEGE LOG RE: EMAILS AND PHONE CALLS

Plaintiff Barbara Haywood, pursuant to the Court's order of August 17, 2018 **(ECF No 104)** files the present motion objecting to Defendant Hough's Privilege Log, submitted to the Court on or about October 10, 2018. And for her motion states as follows:

1. In its August 17, 2018 order, the Court ordered Defendants to review the emails and phone calls and thereafter prepare a privilege log of those discovery items for possible in camera inspection.

1

2. Defendants have submitted a proposed privilege log for one email between Plaintiff and Walter Jones. Defendants Exhibit 1.

3. Plaintiff objects on the grounds that the subject email is not presented in like form as those emails generally transmitted via JPay Incorporated's Kiosk terminals. JPay Inc. is a proprietary company of Securus Technologies Inc. Defendant Hough's Exhibit 1 does not contain a date identifying when the email was transmitted and received; does not identify the sender and recipient of the email, and does not contain the identification number for the subject email.

4. Defendant Hough has failed to prepare a privilege log or identify which phone calls between Plaintiff and Walter Jones, Defendants intend to use for their defense. The bare excuse that the subject phone calls (approximately 329 in total) between Plaintiff and Walter Jones are difficult to redact due to proprietary reasons is nonsensical.

5. Each of the subject phone calls are only 15 minutes or less in length.

6. Defendant was required to prepare a privilege log of those phone calls likely to be disputed by Plaintiff as being privileged. Any concerns regarding redactions could be resolved after in camera inspection by the Court.

7. During the July 23, 2018 motion hearing, Defendants conveyed to the Court that the subject phone calls were in the possession of the MDOC. Plaintiff therefore states that presenting proprietary concerns at this late hour is likely nonexistent and is merely a reuse to further Defendants' objective of avoiding disclosing what discoverable information they intend to use for their defense.

8. To suggest that the subject phone calls should be a matter of pre-trial motion in limine undermines the Court's order and the objective of the Case Management Order regarding discovery.

9. Moreover, a motion in limine is a preliminary procedure to test the admissibility of evidence believed by the movant to be prejudicial. So, in actuality, Defendant's tactics amounts to nothing more than burden shifting.

10. Plaintiff's position concerning the privileged phone calls has already been argued before this Court, and Plaintiff should not bear any additional pre-trial expense to challenge unidentified privileged phone calls Defendants intend to use at trial.

11. It was Defendants who, through discovery, sought the subject phone calls to determine whether Plaintiff said something different from what she testified to during her deposition; and to discover information that may be possessed by Plaintiff's husband and Walter Jones. As such, this was Defendants' opportunity to identify what discovery information they intended to utilize during trial.

12. Because Defendant Hough failed to adhere to this Court's order to prepare a privilege log and identify the subject phone calls intended to be relied upon during trial, the Court should find that Defendants have waived any and all opportunity to use the recorded phone calls between Plaintiff and Walter Jones.

Respectfully submitted,

Dated: October 22, 2018

BARBARA A. HAYWOOD
Plaintiff, *In Pro Per*
723 E. Lansing Street, Apt. 587B
Idlewild, Michigan 49642
PH: 231.660.6060

## CERTIFICATE OF SERVICE

**I, Barbara A. Haywood,** hereby certify that on the 24th day of October 2018, a copy of BARBARA HAYWOOD'S MOTION OBJECTING TO DEFNDANT HOUGH'S PROPOSED PRIVILEGE LOG RE: EMAILS AND PNONE CALLS was sent to the following: Clerk of the Court, Magistrate Judge Ellen S. Carmody and all attorneys at their respective addresses of record via U.S. First Class Mail, postage prepaid and fully attached thereon.

Barbara A. Haywood, *In Pro Per*

3

B. Haywood
723 E Lansing Apt 587B
Idlewild, mi 49642-

GRAND RAPIDS MI 495

27 OCT 2018 PM 5 L



Clerk of the Court
110 Michigan St N.W
Grand Rapids, mi
      49503