UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA HAYWOOD,

   Plaintiff,

               CASE NO. 1:17-CV-508

v.

               HON. ROBERT J. JONKER

LAWRENCE HOUGH, *et al.*,

   Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

  The Court has reviewed Magistrate Judge Carmody's Report and Recommendation in this matter (ECF No. 159); the parties' Objections (ECF Nos. 161, 162, 164, 167); and Plaintiff's Response (ECF No. 169). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; the parties' objections; and the Plaintiff's response. The Court

finds the Magistrate Judge's Report and Recommendation, which recommends granting summary judgment in favor of Defendants on all but two of Plaintiff's claims, factually sound and legally correct.

The Report and Recommendation summarizes Plaintiff's allegations accurately and in detail. (ECF No. 159, PageID.1358-1359.) Plaintiff brings claims against Defendants Hough, Eagle, and Hubbard arising out of her extended detention; arrest; placement in a police vehicle; and search of her hotel room. The Report and Recommendation carefully and thoroughly recounts the facts as viewed in a light most favorable to the Plaintiff and supported by the summary judgment record. (*Id.*, PageID.1362-1365.) The Magistrate Judge recommends summary judgment in favor of Defendants as to Plaintiff's claims of denial of right to intimate association; conspiracy to violate her rights; common law conversion; use of excessive force; assault and battery; ordinary negligence; and negligent infliction of emotional distress. The Magistrate Judge recommends denying Defendants' motion for summary judgment as to Plaintiff's claims of unlawful detention and arrest and unlawful search of her hotel room. All the parties have filed objections.

1. **Plaintiff's Objections**

Plaintiff's Objections primarily reiterate and expand arguments she has already made and which the Report and Recommendation already addresses. Plaintiff disagrees with the Magistrate Judge's characterization of parts of the factual record, but the Court finds the factual narrative the Report and Recommendation details an accurate summary of the facts taken in the light most favorable to the Plaintiff and supported by the summary judgment record. Plaintiff asserts that the Magistrate Judge applied incorrect legal standards. To the contrary, the legal standards in the Report and Recommendation are entirely correct. Nothing in Plaintiff's objections changes the fundamental analysis.

## 2. Defendants' Objections

### A. *Unlawful Extension of Terry Stop*

#### i. Defendant Hubbard

Defendant Hubbard objects to a denial of summary judgment, arguing that he participated in the detention "as a witness and not an investigating officer or official that is subject to Fourth Amendment scrutiny" because he "is not a police officer and has no authority to pursue a criminal investigation." (ECF No. 164, PageID.1408.) Defendant Hubbard acted under color of law, and the Fourth Amendment still applies to him.

Defendant Hubbard also states that he is entitled to summary judgment because, in his view, he lacked authority to end the detention or stop the handcuffing and arrest of Plaintiff in the prison lobby. He states that he had to defer to Defendants Eagle and Hough because they were peace officers. The scope of Defendant Hubbard's authority, and how he chose to exercise that authority, are factual questions. His claim that he was simply following orders is not enough to warrant summary judgment in his favor.

Finally, Defendant Hubbard argues that the record establishes that there was probable cause to support Plaintiff's detention and arrest. The Court disagrees. Accepting Plaintiff's view of the facts, the detention was a *Terry* stop that was unlawfully extended. Probable cause for arrest did not arise until the officers found marijuana during the search of the car, for exactly the reasons the Report and Recommendation details. The objection fails.

#### ii. Defendant Eagle

Defendant Eagle argues that he is entitled to summary judgment because, in his view, his "mere presence" in the conference room with Plaintiff and Defendant Hubbard during the initial detention does not implicate the Fourth Amendment. This is simply mistaken. The record reflects

that Defendant Eagle was present as a state actor participating in an investigation of Plaintiff based a on reasonable suspicion that she had transferred contraband. He participated in the detention and the unlawful extension of the *Terry* stop.

Defendant Eagle also argues that even if there was not probable cause for arrest before the discovery of marijuana in Plaintiff's car, he reasonably believed that probable cause existed and is entitled to qualified immunity. A finder of fact could reasonably determine otherwise. Summary judgment is not appropriate. The objection fails.

        iii.      <u>Defendant Hough</u>

Defendant Hough points to record evidence that he did not arrive until after officers found marijuana in Plaintiff's car and probable cause existed. On a defense motion for summary judgment, the Court views the facts in the light most favorable to the Plaintiff, who avers otherwise. According to Plaintiff, after Defendant Hough arrived, all three defendants escorted her to the prison lobby and handcuffed her there before proceeding to her car and searching it. (ECF No. 129-2, PageID.948.) Whether Defendant Hough arrived before or after the car search and discovery of marijuana is an issue of material fact. The objection fails.

Defendant Hough also asserts that even assuming he arrived before the discovery of marijuana in Plaintiff's car, there was already probable cause to arrest Plaintiff because Officer Wilcox had observed her passing contraband to her husband. This objection likewise fails. Prison contraband would include something as innocuous as candy, which would obviously not support probable cause for arrest. Until the discovery of the marijuana, the officers lacked probable cause to arrest Plaintiff, for precisely the reasons the Report and Recommendation delineates.

### B. *Unlawful Search of Hotel Room*

Defendant Hough objects that his warrantless search of Plaintiff's hotel room was lawful because probable cause supported it. This objection fails on multiple grounds. The record does not establish as a matter of law that probable cause to search the hotel room existed. Moreover, probable cause, standing alone, is not enough to support a warrantless search. Defendant Hough did not seek a search warrant, which would have allowed a court to determine the existence of probable cause and propriety of a search. As to consent, a finder of fact could reasonably find that Plaintiff did not consent. Plaintiff avers that she agreed to the search because Defendant Hough threatened to take her to jail if she did not consent. Plaintiff also notes that she felt frightened when Defendant Hough detoured on the way to the hotel to go to the scene of an accident for 20 – 30 minutes and drove at a high rate of speed on a route unfamiliar to Plaintiff. The voluntariness of Plaintiff's consent is a question of material fact. Summary judgment is not appropriate.

### Conclusion

For these reasons, the parties' Objections fail.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 159) is approved and adopted as the opinion of the Court.

2. Defendant Hubbard's Motion for Summary Judgment (ECF No. 127) is **DENIED** as to Plaintiff's claim that she was subjected to an illegal detention during the time period from the termination of her visit with her husband until the discovery of marijuana in her vehicle and is **GRANTED** in all other respects.

3. Defendant Eagle's Motion for Summary Judgment (ECF No. 129) is **DENIED** as to Plaintiff's claim that she was subjected to an illegal detention during the time period from the

termination of her visit with her husband until the discovery of marijuana in her vehicle and is **GRANTED** in all other respects.

4. Defendant Hough's Motion for Summary Judgment (ECF No. 130) is **DENIED** as to (1) Plaintiff's claim that she was subjected to an illegal detention during the time period from the termination of her visit with her husband until the discovery of marijuana in her vehicle; and (2) Plaintiff's claim that the search of her hotel room was unlawful. The motion is **GRANTED** in all other respects.

5. The parties' Objections (ECF Nos.161, 162, 164, 167) are **OVERRULED**.


Dated:   May 31, 2019              /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE